**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

SAM JOHN PASSARELLA,

     Appellant,

VS.

STATE OF TENNESSEE,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

November 3, 1998

Cecil W. Crowson
Appellate Court Clerk

C.C.A. NO. 01C01-9801-CR-00049

(No. C-7353 Below)

DAVIDSON COUNTY

The Hon. Seth Norman

(Dismissal of Post-Conviction Petition)

AFFIRMED PURSUANT TO RULE 20

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The appellant opposes the motion.

The petitioner was convicted of two counts of aggravated kidnapping and was sentenced to consecutive sentences totaling 70 years. This Court affirmed the judgment in State v. Sam John Passarella, No. 81-260-III (Tenn. Crim. App., at Nashville, October 1, 1982), and it does not appear that an application for permission to appeal was filed in the Supreme Court. Thereafter, the dismissal of the petitioner's first petition for post-conviction relief was upheld by this Court. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994). The petitioner filed his second post-conviction petition on May 9, 1996. On January 20, 1998, the trial court dismissed the petition as outside the statute of limitation. We affirm.

The petitioner concedes that this petition for post-conviction relief was filed outside the statute of limitation. Instead, he is seeking relief under the holding in Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

Under Burford, our Supreme Court held that a late-filed petition for post-conviction relief may be allowed if the statute of limitation violates due process as applied to that petitioner when the government's interest in administrative efficiency and economy does not outweigh the petitioner's interest and there is nothing stale or fraudulent

regarding petitioner's claim. 845 S.W.2d at 209-210. The petitioner has failed to allege any interests which would allow the exception to the statute of limitations under <u>Burford</u>. Furthermore, there is no evidence in the record of any exception applying under T.C.A. § 40-30-202(b)(1997 Repl.). Accordingly, we find that the state's motion to affirm the judgment pursuant to Rule 20 is well taken.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
JOHN H. PEAY, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE